UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLIE WYMAN,

        Plaintiff,                                Hon. Robert J. Jonker

v.                                                    Case No. 1:20-cv-676

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act.  Section 405(g) limits the Court to a review of the administrative record and provides that, if the Commissioner's decision is supported by substantial evidence, it shall be conclusive.  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the Commissioner's decision be vacated and this matter remanded for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

## BACKGROUND

Plaintiff was twenty years of age on her alleged disability onset date. (ECF No. 10-5, PageID.253). Plaintiff successfully completed high school and worked previously as a front desk clerk. (ECF No. 10-2, PageID.74). Plaintiff applied for benefits on October 11, 2017, alleging that she had been disabled since February 15, 2015, due to bi-polar disorder, general anxiety disorder, post-traumatic stress disorder (PTSD), cannabis use disorder, borderline personality disorder, polycystic ovarian syndrome, and scoliosis. (ECF No. 10-5, 10-6, PageID.253-62, 287).

Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). Following an administrative hearing, the ALJ issued an opinion on April 24, 2019, concluding that Plaintiff did not qualify for disability benefits. (ECF No. 10-2, PageID.60-111). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision. (ECF No. 10-2, PageID.39-43). Plaintiff later initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f). If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a non-exertional impairment as well as an

exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff bears the burden to demonstrate she is entitled to disability benefits and she satisfies her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A). While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *O'Neal v. Commissioner of Social Security*, 799 Fed. Appx. 313, 315 (6th Cir., Jan. 7, 2020).

The ALJ determined that Plaintiff suffered from PTSD, depression, anxiety, borderline personality disorder, and obesity, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (ECF No. 10-2, PageID.63-68).

With respect to Plaintiff's residual functional capacity, the ALJ found that Plaintiff retained the ability to perform work at all exertional levels subject to the following non-exertional limitations: (1) she is limited to simple, routine tasks performed in a work environment free of fast-paced production requirements

involving only simple work-related decisions and routine workplace changes; and (2) she can tolerate no more than incidental contact with the public and only occasional interaction with co-workers and supervisors.  (*Id.*, PageID.68).

The ALJ found that Plaintiff could not perform her past relevant work at which point the burden shifted to the Commissioner to establish by substantial evidence that there exists in the national economy a significant number of specific jobs which Plaintiff can perform, his limitations notwithstanding.  *O'Neal*, 799 Fed. Appx. at 316.  In satisfying this burden, the ALJ may rely on a vocational expert's testimony.  *Ibid.*

In this case, a vocational expert testified that there existed approximately 2.9 million jobs in the national economy that an individual with Plaintiff's RFC could perform, such limitations notwithstanding.  (*Id.*, PageID.108-10).  This represents a significant number of jobs.  *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'").  Accordingly, the ALJ concluded that Plaintiff was not entitled to benefits.

**I.      The ALJ's Step II Findings are not Supported by Substantial Evidence**

Plaintiff argues that she is entitled to relief because the ALJ's conclusion that she does not suffer from a severe physical impairment and, thus, does not experience any physical work limitations, is not supported by substantial evidence.  The Court agrees.

A severe impairment is defined as "any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities," 20 C.F.R. § 416.920(c), and which lasts or can be expected to last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Basic work activities include: (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. 20 C.F.R. § 416.921(b); *see also, Despins v. Commissioner of Social Security*, 257 Fed. Appx. 923, 929 n.2 (6th Cir., Dec. 14, 2007).

An impairment "can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience." *Rogers v. Commissioner of Social Security*, 486 F.3d 234, 243 n.2 (6th Cir. 2007) (quoting *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir.1988)); *see also, Williamson v. Secretary of Health and Human Services*, 796 F.2d 146, 151 (6th Cir. 1986) (an impairment is less than severe only if it is a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience").

Step two of the sequential disability process is considered a "de minimus hurdle" designed to dismiss only those claims which are "totally groundless" from a medical standpoint. *Rogers*, 486 F.3d at 243 n.2; *Despins*, 257 Fed. Appx. at 929;

-6-

*Higgs*, 880 F.2d at 860.  As the Sixth Circuit has recognized, "this lenient interpretation of the severity requirement in part represents the courts' response to the Secretary's questionable practice in the early 1980s of using the step two regulation to deny meritorious claims without proper vocational analysis."  *Long v. Apfel*, 1 Fed. Appx. 326, 331 (6th Cir., Jan. 9, 2001) (quoting *Higgs*, 880 F.2d at 862).

While Plaintiff's emotional impairments may be more established, such does not diminish the evidence that Plaintiff suffers from physical impairments that can reasonably be expected to significantly limit her ability to perform basic work activities.

Treatment notes dated October 27, 2016, indicate that Plaintiff was experiencing "chronic left lumbar pain" which had been "progressively getting worse" since 2012.  (ECF No. 10-7, PageID.382).  An examination revealed positive facet loading and marked tenderness in Plaintiff's paraspinal muscles.  (*Id.*).  Treatment notes dated November 28, 2016, reveal that Plaintiff was diagnosed with lumbar spondylosis for which she received three separate lumbar nerve block injections.  (*Id.*, PageID.384).

X-rays of Plaintiff's lumbar spine, taken March 20, 2017, indicate that Plaintiff suffers from scoliosis.  (ECF No. 10-11, PageID.798).  Treatment notes dated September 25, 2017, indicate that Plaintiff was prescribed Neurontin to treat her scoliosis.  (ECF No. 10-8, PageID.394-95).  An October 16, 2017, examination of Plaintiff's back revealed trigger point tenderness and pain with flexion and extension.  (ECF No. 10-11, PageID.792).

An April 25, 2018, examination of Plaintiff's back revealed positive facet signs at multiple locations. (ECF No. 10-13, PageID.918). Yeoman's test and sacroiliac compression testing were both positive. (*Id.*). The doctor further observed that Plaintiff's "pain is worse with all planes of range of motion." (*Id.*). A May 17, 2018 examination produced similar results. (*Id.*, PageID.913). A February 18, 2019 examination revealed that Plaintiff was experiencing lumbar radiculopathy for which she was treated with lumbar epidural steroid injections. (*Id.*, PageID.919). Plaintiff was also diagnosed with spinal stenosis. (*Id.*).

The ALJ's rationale for finding that Plaintiff experiences no severe physical impairments is insufficient. The ALJ cites to October 6, 2017, physical therapy treatment notes which indicate that Plaintiff "appears to have no pain" during an initial physical therapy session. (ECF No. 10-17, PageID.1145). The ALJ then cited to treatment notes following a physical therapy session one week later. (ECF No. 10-18, PageID.1201). As the ALJ observed, these treatment notes indicate that Plaintiff experienced "no radicular symptoms today and they seem[] to be less intermittent since starting therapy." (*Id.*). The ALJ failed to note, however, that the physical therapist also reported that Plaintiff was still experiencing pain and had not improved her functional ability. (*Id.*). Physical therapy treatment notes dated October 18, 2017, indicate that Plaintiff's pain and functional ability were still not improving. (*Id.*, PageID.1241). The ALJ's reliance on two physical therapy treatment notes, dated one week apart, does not constitute substantial evidence when weighed against the other evidence noted above, especially the evidence which post-

dates the physical therapy notes on which the ALJ relied. In sum, while the degree of limitation imposed by Plaintiff's physical impairments is subject to reasonable debate, it is not reasonable to conclude that such do not limit her ability to perform basic work activities. Accordingly, the ALJ's determination that Plaintiff does not suffer from any severe physical impairments or any physical limitations is not supported by substantial evidence.

Furthermore, the harmless error standard articulated in *Maziarz v. Sec'y of Health and Human Services*, 837 F.2d 240 (6th Cir. 1987), is inapplicable. At step two of the sequential disability analysis, the ALJ must determine whether the claimant suffers from a severe impairment. In *Maziarz*, the court held that, where the ALJ finds the presence of a severe impairment at step two and proceeds to continue through the remaining steps of the analysis, the alleged failure to identify as severe some other impairment constitutes harmless error so long as the ALJ considered the entire medical record in rendering his decision. *Id.* at 244; *see also, Kirkland v. Commissioner of Social Security*, 528 Fed. Appx. 425, 427 (6th Cir., May 22, 2013) ("so long as the ALJ considers all the individual's impairments, the failure to find additional severe impairments. . .does not constitute reversible error"). Here, the ALJ's RFC finding contains no exertional limitations, from which the Court concludes that the ALJ failed to properly consider Plaintiff's physical impairments when assessing her RFC. Thus, the ALJ's failure to find that Plaintiff suffered from a severe physical impairment is not harmless. *See Mish v. Commissioner of Social Security*, 2011 WL 836750 at *1-2 (W.D. Mich., Mar. 4, 2011). This failure likewise

leads to the conclusion that the ALJ's RFC determination is not supported by substantial evidence.

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [her] entitlement to benefits." *Faucher v. Secretary of Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994); *see also*, *Brooks v. Commissioner of Social Security*, 531 Fed. Appx. 636, 644 (6th Cir., Aug. 6, 2013). This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also*, *Brooks*, 531 Fed. Appx. at 644.

Evaluation of Plaintiff's claim requires the resolution of certain factual disputes which this Court is neither competent nor authorized to undertake in the first instance. Moreover, there does not exist compelling evidence that Plaintiff is disabled. Accordingly, this matter must be remanded for further factual findings, including but not necessarily limited to, an accurate assessment of the severe impairments from which Plaintiff suffers, an assessment of her residual functional capacity, and a determination as to whether there exists a significant number of jobs which Plaintiff is capable of performing despite her limitations.

## CONCLUSION

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be vacated and this matter remanded for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g).

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within such time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: September 21, 2021          /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge